IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

In the Matter of the Extradition of   )
ARTUR JOZEF SWIERZBINSKI              )   Case No. 09-8136-JPO

**CERTIFICATION OF EXTRADITABILITY AND ORDER OF COMMITMENT**

On October 5, 2009, the United States, acting on behalf of the Government of the Republic of Poland (the "Government"), filed a complaint for the extradition of Artur Jozef Swierzbinski, pursuant to the 1999 Extradition Treaty between the United States and Poland ("Extradition Treaty"). The complaint requested the court issue a warrant for the arrest of Mr. Swierzbinski, with a view toward extradition. The court issued the warrant, and Mr. Swierzbinski was arrested on October 6, 2009.

On October 7, 2009, the Government filed a request for a finding of extraditability pursuant to 18 U.S.C. § 3184 **(doc. 7)**. The court held an extradition hearing on January 11, 2010.[1] At the hearing, the Government was represented by Tristram W. Hunt, Assistant United States Attorney for the District of Kansas. Mr. Swierzbinski appeared with counsel Tim H. Burdick, Assistant Federal Public Defender for the District of Kansas. The court heard argument from counsel for both sides. The Government submitted, and the court admitted into evidence, the authenticated documents provided by Poland in support of

---

[1] Pursuant to 18 U.S.C. § 3184, a copy of the transcript from the extradition hearing is transmitted to the Secretary of State along with this certification and order.

extradition as required by Article 9 of the Extradition Treaty.[2] Mr. Swierzbinski provided no evidence on his own behalf. Following the hearing, the parties submitted proposed findings of fact and conclusions of law. The court has carefully reviewed the evidence and considered the parties' arguments, and now makes the following findings of fact and conclusions of law.

## FINDINGS OF FACT

The court finds that:[3]

1. On April 29, 1994, the Province Court in Suwalki, Poland, convicted Mr. Swierzbinski of violently beating and robbing Wojciech Dabrowski on December 3, 1993, in violation of Article 210, Section 1, in concurrence with Article 36, Sections 2 and 3, and in conjunction with Article 57, Sections 1, 2(1), and 3(1) of the Polish Criminal Code.

2. Also on April 29, 1994, the Province Court sentenced Mr. Swierzbinski to two years' imprisonment with the conditional suspension of its execution contingent upon Mr. Swierzbinski successfully completing a three-year probationary period.

3. On June 12, 1995, the Province Court ruled that Mr. Swierzbinski violated the terms of his probation by committing an intentional offense similar to the offense of

---

[2]Pursuant to 18 U.S.C. § 3184, the original, bound, extradition documents provided by the Republic of Poland are transmitted to the Secretary of State along with this certification and order.

[3]The following facts are established by the evidence submitted by the Government at the extradition hearing. As noted above, Mr. Swierzbinski did not submit any evidence on his own behalf.

conviction, and ordered the execution of the two-year prison sentence for the original crime.

4. The Province Court ordered Mr. Swierzbinski to begin serving his two-year sentence on December 31, 1995, but Mr. Swierzbinski did not present himself for imprisonment on that date.

5. On January 29, 1996, the Province Court issued an arrest warrant for Mr. Swierzbinski so that he could be made to serve the two-year prison sentence that was imposed on April 29, 1994.

6. Mr. Swierzbinski fled Poland before serving his sentence.

7. Poland has submitted a request to the United States that Mr. Swierzbinski be extradited to Poland "in order to execute the adjudicated penalty of imprisonment."

## CONCLUSIONS OF LAW

An extradition certification is in order where: (1) the judicial officer is authorized to conduct the extradition proceeding; (2) the court has jurisdiction over the fugitive; (3) the applicable treaty is in full force and effect; (4) the crimes for which surrender is requested are covered by the applicable treaty; and (5) there is sufficient evidence to support a finding of probable cause as to each charge for which extradition is sought.[4] The court concludes that:[5]

---

[4]*Fernandez v. Phillips,* 268 U.S. 311, 312 (1925), *cited in Smith v. United States*, 82 F.3d 964, 965 (10th Cir. 1996) and *Yapp v. Reno*, 26 F.3d 1562, 1565 (11th Cir. 1994).

[5]Except where otherwise noted, Mr. Swierzbinski has conceded that these legal conclusions are correct. *See* Transcript of January 11, 2010 extradition hearing at 3, 15.

1. The undersigned United States Magistrate Judge, James P. O'Hara, is authorized under United States law to conduct an extradition proceeding.[6]

2. The court has personal jurisdiction over Mr. Swierzbinski and subject matter jurisdiction over the case.[7]

3. There is currently in force an extradition treaty between the Government of the United States and the Government of Poland.[8] The Extradition Treaty was signed on July 10, 1996, and went into effect on September 17, 1999. Gregory B. Wierzynski, Attorney Adviser, Office of the Legal Adviser, Department of State, United States of America, provided a declaration attesting that the Extradition Treaty is in full force and effect between the United States and Poland. This declaration was properly sealed by the Secretary of State, Hillary Rodham Clinton.

4. The crime for which Poland requests Mr. Swierzbinski's surrender is covered by the Extradition Treaty.

Article 2 of the treaty provides for the return of fugitives charged with or convicted of an "extraditable offense." The treaty defines offenses as extraditable if the criminal conduct is punished under the laws of both the United States and Poland by a deprivation of liberty for a maximum of more than one year or by a more severe penalty. To determine if

---

[6] *See* 18 U.S.C. § 3184.

[7] *See id.*

[8] U.S.-Pol., July 10, 1996, S. Treaty Doc. No. 105-13.

so-called "dual criminality" exists, the court examines the description of criminal conduct provided by Poland in support of its charge and then decides whether that conduct would have been criminal under United States law if committed in this country. A requesting country is not obliged to produce evidence on all elements of a criminal offense nor to establish that its crimes are identical to those in the United States.[9] Dual criminality is established if the conduct involved in the foreign offense would be criminal under either United States federal law, the law of the state in which the hearing is held, or the law of a preponderance of the states.[10]

The documents submitted by Poland establish that, in 1994, Mr. Swierzbinski was convicted in Poland with the crime of violently beating and robbing a victim, who sustained face and head injuries, in violation of Article 210, Section 1, in concurrence with Article 36, Sections 2 and 3, and in conjunction with Article 57, Sections 1, 2(1), and 3(1) of the Polish Criminal Code. Pursuant to these provisions in the Polish Criminal Code, Mr. Swierzbinski was sentenced to two years' imprisonment. Thus, the court concludes that the criminal conduct for which Mr. Swierzbinski was convicted is punished under the laws of Poland by a deprivation of liberty for a maximum period of more than one year.

The court further concludes that Mr. Swierzbinski's criminal activity, had it occurred in the United States, would be subject to prosecution under Kansas law for aggravated

---

[9] *Kelly v. Griffin*, 241 U.S. 6, 15 (1916).

[10] *Cucuzzella v. Keliikoa*, 638 F.2d 105, 107–08 (9th Cir. 1981).

battery and/or aggravated robbery, crimes punishable by a term of imprisonment exceeding one year.[11] A review of the relevant statutes and potential sentences demands such an outcome:

1. K.S.A. 21-3414

(a) Aggravated battery is:

(1)(A) Intentionally causing great bodily harm to another person or disfigurement of another person; or (B) intentionally causing bodily harm to another person with a deadly weapon, or in any manner whereby great bodily harm, disfigurement or death can be inflicted; or (C) intentionally causing physical contact with another person when done in a rude, insulting or angry manner with a deadly weapon, or in any manner whereby great bodily harm, disfigurement or death can be inflicted; or

(2)(A) recklessly causing great bodily harm to another person or disfigurement of another person; or (B) recklessly causing bodily harm to another person with a deadly weapon, or in any manner whereby great bodily harm, disfigurement or death can be inflicted.

(b) Aggravated battery as described in subsection (a)(1)(A) is a severity level 4, person felony. Aggravated battery as described in subsections (a)(1)(B) and (a)(1)(C) is a severity level 7, person felony. Aggravated battery as described in subsection (a)(2)(A) is a severity level 5, person felony. Aggravated battery as described in subsection (a)(2)(B) is a severity level 8, person felony. A person convicted of aggravated battery shall be subject to the provisions of subsection (h) of K.S.A. 21-4704 and amendments thereto.

2. K.S.A. 21-3427

Aggravated robbery is a robbery, as defined in K.S.A. 21-3426 and amendments thereto, committed by a person who is armed with a dangerous weapon or who inflicts bodily harm upon any person in the course of such robbery. Aggravated robbery is a severity level 3, person felony.

---

[11]*See* K.S.A. 21-3414 and K.S.A. 21-3427.

> 3. K.S.A. 21-3426
>
> Robbery is the taking of property from the person or presence of another by force or by threat of bodily harm to any person. Robbery is a severity level 5, person felony.

Applying the possible sentences set forth in the Kansas Sentencing Guidelines Grid to the uncontroverted facts that led to the conviction, where Mr. Swierzbinski and two other accomplices attacked and robbed Wojciech Dabrowski, causing him face and head injuries, and stole his leather jacket and leather belt, leads to the inescapable conclusion that the crime of conviction would be punishable by a term of imprisonment exceeding one year if committed in the State of Kansas. Mr. Dabrowski had to be hospitalized for four days as a result of the attack. This conduct, when analyzed under K.S.A. 21-3414(a)(1)(A), which classifies "intentionally causing great bodily harm to another person or disfigurement of another person" as aggravated battery, would score as a severity level 4, person felony, with a possible Sentencing Guideline Range of 38–172 months' imprisonment, depending on the offender's criminal history. Likewise, a similar result can be reached applying the elements of K.S.A. 21-3427, the aggravated robbery statute. A conviction for aggravated robbery—a severity level 3, person felony—would result in a Sentencing Guideline range of 55–247 months' imprisonment, depending on the offender's criminal history.

Because Mr. Swierzbinski's criminal conduct is punishable under the laws of both the United States and Poland by imprisonment for a maximum of more than one year, the court concludes Mr. Swierzbinski was convicted of an "extraditable offense."

Mr. Swierzbinski does not contest that his criminal actions in December 1993, resulting in his 1994 conviction, constitute an extraditable offense.[12] He argues, however, that Poland is not seeking his extradition for the 1993 crime. Rather, according to Mr. Swierzbinski, Poland is seeking his extradition for the violation of his probation in 1995. Mr. Swierzbinski asserts that because "a probation violation does not constitute a crime in the United States," his "probation violation does not constitute an extraditable offense within the meaning of Article 2 of the Treaty."[13] The court disagrees.

First, Poland's November 7, 2008, extradition request states that Poland is seeking the extradition of Mr. Swierzbinski "in order to execute the adjudicated penalty of imprisonment." The request then discusses Mr. Swierzbinski's April 29, 1994 conviction and the fact he "was validly sentenced to the penalty of 2 (two) years of imprisonment" for the offense that occurred on December 3, 1993. The extradition request never mentions Mr. Swierzbinski's violation of the terms of his probation, let alone states that extradition is sought on that basis.

Second, there is no support for Mr. Swierzbinski's contention that the violation of his probation is a new or separate offense that is non-extraditable. To the contrary, in this regard, the United States Supreme Court has held, "A suspended sentence is a prison term imposed for the offense of conviction. Once the prison term is triggered, *the defendant is incarcerated*

---

[12]*See* Transcript of January 11, 2010 extradition hearing at 7.

[13]Doc. 28 at 1–2.

*not for the probation violation, but for the underlying offense.*[14] Applying this rule in a situation comparable to the instant matter, the Ninth Circuit rejected a defendant's argument that an extradition treaty was violated when the defendant was extradited "to face both reincarceration" for the remainder of a suspended sentence as well as "a hearing for revocation of his probation."[15] Noting that revocation of probation is regarded as reinstatement of the sentence for the underlying crime, the Ninth Circuit rejected the defendant's argument "that revocation of probation is a 'charged' but 'unconvicted'—and therefore 'new' or 'separate'—offense for which he may not be extradited, or that probation revocation is somehow a non-extraditable 'summary conviction offense.'"[16] The undersigned likewise concludes that the June 12, 1995 revocation of Mr. Swierzbinski's probation is punishment for his extraditable 1993 crimes and not a separate offense for which Poland seeks extradition.

5. There is probable cause to believe that Mr. Swierzbinski committed the offense for which extradition is sought. When there has been a judgment of conviction entered by

---

[14]*Alabama v. Shelton*, 535 U.S. 654, 662 (2002) (emphasis added); *see also Johnson v. United States*, 529 U.S. 694, 701 (2000) ("We . . . attribute postrevocation penalties to the original conviction."); *United States v. Dozier*, 555 F.3d 1136, 1140 (10th Cir. 2009) (noting that "incarceration resulting from a probation revocation is punishment for the original offense").

[15]*United States v. Lazerman*, No. 98-50339, 189 F.3d 475, 1999 WL 542876, at *2 (9th Cir. July 26, 1999).

[16]*Id.*

a foreign court, as there is here, the court may deem probable cause established.[17] The Government has introduced competent documentary evidence which shows that Mr. Swierzbinski was convicted on April 29, 1994, of violently beating and robbing Wojciech Dabrowski on December 3, 1993, in violation of Article 210, Section 1, in concurrence with Article 36, Sections 2 and 3, and in conjunction with Article 57, Sections 1, 2(1), and 3(1) of the Polish Criminal Code.

Mr. Swierzbinski does not dispute that he committed, was convicted of, and was sentenced for the 1993 offense. Rather, he simply reiterates his argument that "the conduct for which the Government of Poland is attempting to extradite Mr. Swierzbinski for is violating his probation."[18] The court rejected this argument above, and the court thus finds probable cause to believe that Mr. Swierzbinski committed the 1993 offense for which extradition is sought.

Based on the foregoing findings, the court concludes Mr. Swierzbinski is extraditable for the offense for which Poland requested extradition and certifies this finding to the Secretary of State as required under 18 U.S.C. § 3184.

---

[17]*Spatola v. United States*, 925 F.2d 615, 618 (2d Cir. 1991) (holding that where "there has been a judgment of conviction [entered by a foreign court], there is no need for an 'independent' determination of probable cause: the relator's guilt is an adjudicated fact which *a fortiori* establishes probable cause"); *Sidali v. I.N.S.*, 107 F.3d 191, 196 (3d Cir. 1997) (holding that a foreign conviction obtained after a trial at which the accused is present is sufficient to support a finding of probable cause for the purposes of extradition), *cert. denied*, 522 U.S. 1089 (1998).

[18]Doc. 28 at 5.

IT IS THEREFORE ORDERED that the request for a finding of extraditability (doc. 7) is granted. A certified copy of this Certification of Extraditability and Order of Commitment shall be forwarded by the clerk of court to the Secretary of State (to the attention of the Legal Adviser).

IT IS FURTHER ORDERED that Mr. Swierzbinski remain in the custody of the United States Marshal pending final disposition of this matter by the Secretary of State and surrender to designated agents of the Government of Poland.

IT IS FURTHER ORDERED that any personal property belonging to Mr. Swierzbinski, seized at the time of his arrest, be returned to him at the time of his surrender to representatives of the Government of Poland.

Dated March 2, 2010, at Kansas City, Kansas.

   s/ James P. O'Hara
James P. O'Hara
U.S. Magistrate Judge